PURITY FARMS, RESPONDENT, v. ADAMS EXPRESS COM-
PANY, APPELLANT.

Submitted July 5, 1920—Decided November 15, 1920.

Where, under a contract of shipment of animals, the carrier is liable
for injuries to them resulting from its neglect of proper care,
unless the animals are accompanied by the owner, or attendant
in his employ, and the carrier transports the animals without an
attendant, of which it has knowledge, the carrier is not relieved
from proper care in transporting the animals, although it might
have been if there was an attendant who if present would be
bound to give the care, the neglect of which caused injuries to
the animals, and this is so even if it was expected that the at-
tendant would accompany the animals, but failed because of mis-
leading information given him by the carrier's agent as to the
time when the animals would be moved.

On appeal from the Supreme Court.

For the appellants, *Wall, Haight, Carey & Hartpence,* and
*John R. Phillips, Jr.*

For the respondent, *King & Vogt.*

The opinion of the court was delivered by

BERGEN, J.  The facts in this case, about which there is
no material dispute, are, that the agent of the plaintiff
applied to defendant's agent for a car in which he might
ship by express, through the agency of the defendant, a
carload of cattle from New Milford, Pennsylvania, to Penn-
ington, New Jersey; that when plaintiff's agent was notified
by the defendant that the car was at his disposal he loaded
the car with a number of cattle and when this was completed,
went to the office of defendant's agent by whom he was given
an ordinary shipping receipt, and at the same time the two
agents, representing their principals, made a written con-
tract for transportation of the cattle through defendant's

express service, and as plaintiff's agent had informed the defendant that he expected to travel on the train with the cattle, another agreement, printed in connection with the contract for transportation, was separately executed, by the terms of which the plaintiff's proposed attendant, in consideration of free transportation, released the defendant and the railroad company, over which the attendant was to be transported, from any injury or damage to him during such transportation. The two contracts while written and printed on the same paper were distinct contracts separately executed by the parties thereto. The car was taken out by the defendant while the attendant was absent, and the cattle transported by the defendant without any attendant as expected, and when the car arrived at Scranton, a distance of forty-two miles from the point of shipping, another agent of the defendant found that a number of the cattle were dead, and all of them more or less affected for want of proper ventilation of the car. The plaintiff brought this action to recover the alleged injuries to the cattle, in which he has a judgment from which the defendant appeals. The evidence is plenary that the death of a part of the cattle, and the depreciated condition of the rest, was due to the want of proper ventilation, the car being one with closed sides, the glass in the doors being immovable, and the provision for ventilation very scanty. The plaintiff proved that at the time the shipping contract was made its agent informed defendant's agent that he intended to go with the cattle and inquired at what hour the train taking the cattle would leave New Milford, and was informed by defendant's agent that the car would be attached to a local passenger train leaving the station at six-twelve P. M., making all scheduled stops between New Milford and Scranton. When plaintiff's agent arrived at the station to take that train he found that the carload of cattle had been taken out by a fast express freight more than an hour previous, the running time of the freight train being approximately that of the passenger train.

At the close of the plaintiff's case the defendant moved to strike out all the, evidence relating to the statements made by the defendant's agent concerning the train by which the car of cattle would be forwarded, claiming that the liability of the defendant rested alone on the shipping receipt and the transportation contract, and that under the contract the shipper assumed the performance of certain duties which relieved the defendant from liability for, among other things, lack of proper ventilation, and if that motion prevailed, there would be no evidence on which defendant could be held liable for the injuries to the cattle, and therefore there should be a nonsuit. At the close of the entire case, the defendant moved for a direction in its favor based upon the same ground. The argument now urged in support of these motions is that the defendant's agent had no power to make a valid contract, under the federal law, to transport the cattle by any special train. We think this evidence was competent, not as establishing a contract, but as an explanation why the car was not accompanied by an attendant as was expected by the plaintiff, and to account for the changed conditions under ,which the car of cattle was transported by the defendant. If, however, this testimony be eliminated we have this condition, viz., a shipping receipt which imposed liability for defendant's negligence, and a transportation contract which imposes a similar liability on the defendant, except, "Where animals are accompanied by an owner, or attendant in his employ," the contract providing that in such case the attendant was to take care of the cattle, and relieve the defendant from liability for injuries, resulting from, *inter alia,* improper ventilation. There can be no doubt that under the rule laid down by the Supreme Court of the United States in *Chicago and Alton Railroad Co.* v. *Kirby,* 225 *U. S.* 155, "to guarantee a particular connection, and transportation by a particular train was to give an advantage or preference not open to all and not provided for in the published tariff," and contrary to the federal statute, and so if this case rested on the promise of defendant's agent to ship by a particular train, and plaintiff's recovery was founded on such

a contract the judgment could not be sustained. But the absence of an attendant brought about by the statement of defendant's authorized agent as to the train by which he would ship the car is not a preferential contract, but rather a statement of a condition by which the plaintiff's agent might govern his conduct with reference to the subject matter. and if the defendant's agent changed the time of departure of the car, he should have notified the shipper, or his principal charged with the liability pertaining to a shipment of cattle without an attendant. There is nothing in the contract of shipment which binds the plaintiff to have an attendant with the cattle. All the contract requires is that if the cattle are accompanied by the owner or attendant in his employ, then certain duties which otherwise would fall on the defendant are assumed by the plaintiff. Defendant's agent knew when he started the car by an earlier train, as it may be admitted he had a right to do, that there was no attendant on the train and therefore the transportation was being made under the liability imposed by the contract if the cattle were not accompanied by an attendant. The misrepresentation by the defendant's agent of the time when the car would leave produced the condition, known to defendant's agent, that the shipment was being made without an attendant. Under the conditions existing in this case it would not be consistent with the administration of justice to permit an express company, after inducing a proposed attendant to believe that the car would leave at a certain hour, knowing that it was the purpose of the plaintiff to provide the cattle with an attendant, to deprive the attendant of the opportunity he sought, to accompany the cattle, and then avoid liability predicated on the assumed presence of the attendant. The contract provided for two conditions, absence and presence of an attendant, and where the absence of the attendant was due to a misstatement by defendant's agent of a fact, on which the latter acted, and the car was moved in the absence of the plaintiff, it amounts in law to the acceptance of the shipment without an attendant, and subjects the express company to the liability contracted for where animals are not

accompanied by an attendant, and when as in this case, they undertook to move the car without an attendant it was their duty to see that the car was properly ventilated and capable of safely carrying the stock, and whether they performed that duty, under the circumstances shown in this case, was a jury question. Therefore it was not error for the trial court to refuse to nonsuit, or direct for the defendant, which is the only matter argued in support of this appeal. For these reasons the judgment should be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, JJ. 14.

*For reversal*—None.